IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 3 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00870-BNB

VIRGIL L. ANDERSON, III,

      Plaintiff,

v.

WILLIAM ZALMAN,
ASSOCIATE WARDEN HARLAN,
DENISE LOGAN,
WARDEN TONY CAROCHI,
MAJOR BRUNELL,
MAJOR LORI MCGOWEN,
CAPTIAN [sic] KEN JOHNSON,
CAPTAIN GUY EDMONDS,
CASE MANAGER CATHY PFALZGRAFF,
SGT. BUCK TURNER,
JOSEPH ORTIZ, and
TONY PHILPOT,

      Defendants.

---

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

     Plaintiff Virgil L. Anderson, III, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Buena Vista, Colorado, minimum center.  He filed *pro se* a complaint for money damages and declaratory relief pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343 (1993).  Mr. Anderson has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006).  On June 7, 2006, he submitted a motion to amend.  The motion to amend will be granted.

The Court must construe the complaint, as amended, liberally because Mr. Anderson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Anderson will be ordered to file an amended complaint and to show cause why the amended complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

The Court has reviewed the complaint, as amended, and has determined that the complaint is deficient. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or

2

unintelligible pleadings violate the requirements of Rule 8.

Mr. Anderson's complaint, as amended, does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). The Court has done its best to summarize briefly the asserted claims. Mr. Anderson asserts four claims: (1) that his due process rights were violated by his transfer to the Buena Vista Minimum Center because he was not given notice before he was transferred to a facility where he is not allowed to complete the apprenticeship program; (2) that his equal protection rights were violated by his transfer because he was not allowed to complete the apprenticeship program because he was not hired for job assignments filled by less-qualified inmates, and because on the only job assignment he was allowed to work he was called a "nigger"; (3) that he has been subjected to cruel and unusual punishment because he is not being allowed to complete the apprenticeship program, because prison officials attempted to upset his wife by insinuating that he was transferred because he made coffee for an injured, institutional instructor, and because he has been subjected to derogatory statements; and (4) that prison officials have retaliated against him for filing grievances by not hiring him for certain job assignments.

Mr. Anderson devotes nine pages of his complaint, as amended, in the section titled "Nature of the Case" to listing events and to making allegations that he easily could have stated in only a few pages, and the complaint still fails to make clear the reason or reasons he is suing each named defendant. Rather than summarizing each claim succinctly, Mr. Anderson apparently expects the Court to sift through his allegations to determine who is being sued for what and how his constitutional rights have been

3

violated. That is not the Court's job. It is Mr. Anderson's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Anderson must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Anderson also must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Joseph Ortiz, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss an amended complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Anderson should be given an opportunity to file an amended complaint.

4

He will be directed to do so below.

In addition, Mr. Anderson does not appear to have exhausted each of his claims and the issues raised within the claims through the DOC grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Anderson is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Anderson must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Anderson has failed to exhaust administrative remedies for any one of his claims or the issues raised within those claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Mr. Anderson and to all inmates, **see** DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to:  policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally."  DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure.  **See** DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.  The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted.  **See** DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g.  The only response to a step-three grievance that Mr. Anderson has submitted demonstrates that he has not exhausted his administrative remedies.  Therefore, Mr. Anderson will be ordered to show cause why the amended complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Finally, Mr. Anderson is advised that he must provide sufficient copies of the amended complaint to serve each named defendant.  The Court will not make the copies necessary for service.  Therefore, Mr. Anderson should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that the motion to amend submitted by Plaintiff Virgil L. Anderson, III, and filed by the Court on June 7, 2006, is granted. It is

FURTHER ORDERED that Mr. Anderson file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order and that shows cause why the amended complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step administrative remedy procedure as to each asserted claim and each issue raised within each claim. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Anderson, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Anderson submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Anderson fails to comply with this order to the Court's satisfaction within the time allowed, the complaint, as amended, and the action will be dismissed without further notice.

DATED June 13, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00870-BNB

Virgil Anderson
Prisoner No. 54028
Buena Vista Minimum Center
PO Box 2005
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER and two copies to the Prisoner Complaint** to the above-named individuals on *6-13-06*

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk